UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────┐
│ USDC SDNY                                 │
│ DOCUMENT                                  │
│ ELECTRONICALLY FILED                      │
│ DOC #:_____                     │
│ DATE FILED:_1/29/2024___                  │
└─────────────────────────────────────────┘
```

METROM RAIL, LLC,

                                    Plaintiff,

                    -against-

SIEMENS MOBILITY, INC. and HUMATICS
CORP.,

                                    Defendants.

1:23-cv-3057 (MKV)

<u>OPINION AND ORDER
GRANTING MOTION TO STAY</u>

MARY KAY VYSKOCIL, United States District Judge:

This is a patent infringement action brought by Plaintiff Metrom Rail, LLC ("Metrom"), against Siemens Mobility, Inc. ("Siemens") and Humatics Corp. ("Humatics") (together, "Defendants"). Currently pending before the Court is Siemens' motion to stay the case pending completion of *inter partes* review ("IPR") proceedings instituted by the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("USPTO"). For the following reasons, the motion to stay is GRANTED.

## **BACKGROUND AND PROCEDURAL HISTORY**

The Court briefly summarizes the relevant procedural history, which has been thoroughly outlined in the parties' previous submissions. [*See* ECF Nos. 62, 73, 74]. Metrom initiated this case in the District of Delaware, asserting claims for infringement of five patents, in addition to state law claims for tortious interference with prospective economic advantage and civil conspiracy, against Defendants and two other companies. The claims arise out of Metrom's failed bid to secure a contract from the New York City Transit Authority ("MTA"). [ECF Nos. 1, 32]. As relevant here, in response to defense motions, the Delaware district court severed Metrom's claims here against Defendants from its claims against the two other defendants, dismissed the

state law claim for tortious interference with prospective economic advantage as to all defendants except Siemens, and dismissed the state law claim for civil conspiracy entirely.  [ECF No. 51].

The parties then stipulated to a transfer to this Court, and agreed to stay all then-pending patent infringement claims in light of IPR petitions challenging each of the asserted patents.[1]  [ECF Nos. 52, 53].  The parties disagreed, however, as to whether the surviving claim against Siemens for tortious interference should be stayed along with the patent infringement counts.  [ECF Nos. 52, 53].  Thereafter, the action was transferred to this Court.  [ECF No. 54].  Metrom then amended its complaint, dropping three of the patent counts and adding a new claim for infringement of a different patent (the "'738 patent").  [ECF No. 69-1 ("SAC")].   Accordingly, this case now involves claims against Defendants for infringement of three patents (Counts I through III) and a claim against Siemens alone for tortious interference with prospective economic advantage (Count IV).  SAC ¶¶ 70–108.  Counts II and III, which relate to the previously asserted patents subject to IPR proceedings, are stayed by the prior joint stipulation of the parties.  [ECF Nos. 52, 53].  Siemens[2] now moves to stay Counts I and IV—in effect, the case in its entirety—pending completion of IPR as to all three asserted patents.[3]  [ECF No. 81].  Siemens filed a memorandum

---

[1] Metrom's case against the two other defendants in the initial action, from which Defendants were severed, was also transferred to this District.  That case, which involves only patent infringement claims, is stayed pending completion of IPR.  *See* Joint Stipulation and Order to Stay Case, *Metrom Rail, LLC v. Ground Transp. Sys. USA Inc.*, No. 1:23-cv-02920-DLC (S.D.N.Y. Apr. 21, 2023), ECF No. 34.

[2] Humatics does not join the motion to stay.  According to Siemens, however, Humatics "agrees with this Motion and urges the Court to stay this case in its entirety."  Def. Mem. 2 n.1.

[3] Defendants are preparing an IPR petition for the '738 patent, which they intend to file "much sooner than" the statutory deadline of May 26, 2024.  Def. Mem. 3; *see* 35 U.S.C. § 315(b).

of law in support of its motion.  [ECF No. 82 ("Def. Mem.")].  Metrom opposed.  [ECF No. 83 ("Pl. Opp.")].  Siemens filed a reply.  [ECF No. 86 ("Def. Reply")].

## LEGAL STANDARD

"District courts have the inherent power to manage their dockets, which includes issuing a stay pending the conclusion of review proceedings before the USPTO."  *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, No. 13-CV-05669 NSR, 2014 WL 2854656, at *2 (S.D.N.Y. June 20, 2014).  "Courts generally consider three factors in deciding a motion to stay pending review by the PTO: '(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party.'"  *Id.* (quoting *TouchTunes Music Corp. v. Rowe Int'l Corp.*, 676 F. Supp. 2d 169, 177 (S.D.N.Y. 2009)); *see Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016).  These factors are not exclusive, and "an overarching consideration of the circumstances in their totality governs." *Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc.*, No. 16-CV-4236 (AJN), 2016 WL 6094114, at *2 (S.D.N.Y. Oct. 18, 2016) (quoting *Rensselaer Polytechnic Inst. v. Apple Inc.*, No. 1:13-CV-0633 DEP, 2014 WL 201965, at *3 (N.D.N.Y. Jan. 15, 2014)).

## DISCUSSION

Metrom does not oppose a stay of Count I for infringement of the '738 patent.[4]  *See* Pl. Opp. 5, 8.  Accordingly, the Court considers only the propriety of a stay with respect to the state law claim for tortious interference with prospective economic advantage, Count IV.  A stay of Count IV would result in a complete stay of the case.  The Court concludes that under the three

---

[4] Metrom's "concession as to a stay for Count I is contingent on Defendant filing an IPR petition within" thirty days of its opposition brief, dated August 15, 2023.  Pl. Opp. 5 n.1.  That time has long passed, and the statutory deadline for Defendants to file an IPR petition as to the '738 patent is May 26, 2024.  *See* 35 U.S.C. § 315(b).  In any event, the propriety of a stay does not depend on all patents in suit having been instituted for IPR.  *See Kannuu Pty Ltd. v. Samsung Elecs. Co.*, No. 19 CIV. 4297 (ER), 2021 WL 195163, at *8–9 & n.5 (S.D.N.Y. Jan. 19, 2021), *aff'd*, 15 F.4th 1101 (Fed. Cir. 2021); *Rovi Guides, Inc. v. Comcast Corp.*, No. 16-CV-9278 (JPO), 2017 WL 4876305, at *3 (S.D.N.Y. Oct. 27, 2017).  The Court independently concludes that a stay of Count I is warranted.

factors courts generally analyze, considered alongside the totality of the circumstances, a complete stay is warranted.

###    I.    A Stay Will Simplify the Issues in Question and Trial of This Case

First, a stay of Count IV, and thus a complete stay, will simplify the issues in question and trial of this case.  Siemens argues that a stay is appropriate because "the IPRs are likely to streamline or moot Metrom's tortious interference claim, which is inextricably intertwined with Metrom's patent infringement claims."  Def. Mem. 5.  Metrom contends, in opposition, that "a stay of the patent issues has no impact on Metrom's tortious interference claim," because the resolution of the tortious interference claim does not depend on the validity of Metrom's patents. Pl. Opp. 8–9.

Courts in the Second Circuit have stayed non-patent claims alongside patent claims where, as here, the "patent claims are the main thrust of th[e] litigation."  *Kannuu*, 2021 WL 195163, at *9 (finding that complete stay would simplify the issues where patent claims represented fifteen out of sixteen causes of action); *see also PopSockets LLC v. Quest USA Corp.*, No. 17CV3653FBCLP, 2018 WL 4660374, at *2 (E.D.N.Y. Sept. 28, 2018) (staying case in its entirety where, "[t]hough the patent and non-patent claims are legally unrelated, the underlying factual disputes are intertwined").[5]

Three of the four claims in this action—and *all* claims against Humatics—are patent infringement claims.  *See* SAC ¶¶ 70–101.  Thus, patent infringement is "the main thrust of this litigation."  *Kannuu*, 2021 WL 195163, at *9.  Moreover, although Metrom's tortious interference

---

[5] Analogously, and as noted above, *see supra* n.4, courts have found that a stay of all patent claims, even as to claims not subject to IPR, may simplify the issues where there is such overlap of issues that "the PTAB's decision could sufficiently narrow the issues before the Court and guide its analysis regarding the remaining issues in . . . suit." *Kannuu*, 2021 WL 195163, at *9; *see also Rovi*, 2017 WL 4876305, at *3 (finding the simplification factor to "strongly" favor a complete stay where a favorable decision from PTAB would "render 37 of the remaining 51 claims moot").

claim does not allege infringement of its patents *per se*, the factual context of the claim, as alleged, inextricably implicates the asserted patents.  *See PopSockets*, 2018 WL 4660374, at *2.  For example, Metrom alleges that "Siemens interfered with Metrom's reasonable expectations of success *by deliberately infringing Metrom's patents*, or submitting proposals to the MTA *knowing that they would inevitably infringe Metrom's patent rights* in the future."  SAC ¶ 105 (emphasis added).  Further, Metrom alleges that "[*b*]*ut for* submitting proposals *that infringed Metrom's intellectual property rights*, Defendants would not have won" the MTA contract.  SAC ¶ 106 (emphasis added).  Metrom argues that Count IV includes allegations that are "independent of the patent infringement claims," Pl. Opp. 10, such as that Siemens improperly influenced the MTA by obtaining Metrom's bid amount and lobbying the MTA through consultants who did not disclose their affiliation with Siemens, *see* SAC ¶ 107.  However, even if any decision from PTAB would not dispose of the tortious interference claim in its entirety because of these allegations, PTAB's patent validity determination, at a minimum, could "narrow the issues before the Court and guide its analysis regarding the remaining issues" in Count IV.  *Kannuu*, 2021 WL 195163, at *9.

In arguing that a stay of Count IV would not simplify the issues, Metrom cites to several cases in which courts declined to stay non-patent claims alongside patent claims.  *See* Pl. Opp. 9–11.  As an initial matter, "[t]he decision whether to grant a stay is committed to the district court's sound discretion, and the court is given considerable leeway in the exercise of its judgment."  *Straight Path*, 2016 WL 6094114, at *2 (internal quotation marks omitted).  "Thus, even if a court denies a stay . . . that does not necessarily mean that another court abuses its discretion when issuing a stay in similar circumstances."  *Kannuu*, 2021 WL 195163, at *8 n.5.  In addition, Metrom's cited cases are distinguishable.  In *Bytemark, Inc. v. Xerox Corp.*, the court declined to stay a tortious interference claim that challenged the defendants' "unfair commercial business practices" where "resolution . . . [did] not depend on the validity of Plaintiff's patents."  No. 17

5

Civ. 1803 (PGG), 2018 U.S. Dist. LEXIS 164674, at *16 (S.D.N.Y. Sept. 21, 2018).  By contrast, resolution of Metrom's tortious interference claim *does* depend, at least in part, on the validity of Defendants' patents.  *See* SAC ¶¶ 105–106.  In Metrom's out-of-circuit authority, too, the patent infringement claims were fully distinct from the state law claims.  *See, e.g.*, *Meissner Filtration Prods., Inc. v. Sani-Tech W., Inc.*, No. LACV2201194JAKEX, 2022 WL 17190245, at *5 (C.D. Cal. Oct. 3, 2022) (finding that "unfair competition claims do not relate to" the challenged patent); *Nippon Steel & Sumito Metal Corp. v. POSCO*, No. CIV.A. 12-2429 DMC, 2013 WL 1867042, at *8 (D.N.J. May 2, 2013) ("The non-patent claims do not depend on the continued validity of the patents and are based on different legal theories.  Therefore, there is no basis to stay these claims."); *Shurtape Techs., LLC v. 3M Co.*, No. 5:11CV17-RLV, 2013 U.S. Dist. LEXIS 28815, at *13 (W.D.N.C. Mar. 1, 2013) (finding that "a stay imparts *no* advantage for the non-patent aspects of the case"); *Card Tech. Corp. v. DataCard Corp.*, No. 05-2546 (MJD / SRN), 2007 U.S. Dist. LEXIS 103291, at *22 (D. Minn. Feb. 2, 2007) (denying stay of non-patent counterclaim that "turn[ed] in no way upon the precise scope of the claims of the patents or even upon the continuing existence of those patents" and for which the "actionable wrong [was] not based on an allegation that the equipment sales infringed Defendant's patent").  That is not the case here, where a substantial factual basis for Metrom's tortious interference claim is Defendants' alleged infringement of Metrom's patents, and, by extension, the validity of those patents.  *See* SAC ¶¶ 105–106.

## II.    The Early Stage of the Proceedings Favors a Stay

Second, the preliminary posture of the proceedings favors a stay.  This case is in its infancy.  Answers were filed in June and July 2023.  [*See* ECF Nos. 71, 72, 76, 77].  The Court has not yet held an Initial Pretrial Conference nor entered a Civil Case Management Plan and Scheduling Order.  Metrom argues that, at the time of its opposition brief, the case was 18 months old, and

that Defendants delayed the case through Rule 12 practice and the preparation of IPR petitions. *See* Pl. Opp. 12–13. However, "the thrust of a court's analysis regarding this factor is the procedural progression of the suit," not "the time that has passed since a case was brought." *Kannuu*, 2021 WL 195163, at *10. "[C]ourts in this Circuit have concluded that a suit is at an early enough stage to favor a stay where," as here, "there has been limited to no discovery, and 'neither a claim construction hearing nor a trial has been scheduled.'" *Id.* (quoting *Straight Path*, 2016 WL 6094114, at *3).

### III.    A Stay Will Not Prejudice Metrom

Finally, a stay will not prejudice Metrom. Under this factor, "[t]he question of undue prejudice or clear tactical advantage is informed by four sub-factors, including (1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *Rensselaer*, 2014 WL 201965, at *4 (internal quotation marks omitted). "Mere delay in the litigation does not establish undue prejudice." *Id.* (internal quotation marks and alteration omitted).

First, Defendants intend to file their final IPR petition as to the '738 patent well before the statutory deadline, *see* Def. Mem. 9, and courts have found no prejudice even when petitions are filed at or near the deadline. *See Kannuu*, 2021 WL 195163, at *10; *Rovi*, 2017 WL 4876305, at *4. Second, Siemens did not delay in requesting a stay, filing the present motion shortly after the close of the pleadings and the institution of IPR proceedings on the previously asserted patents. *See Kannuu*, 2021 WL 195163, at *11; *Rovi*, 2017 WL 4876305, at *4. Third, PTAB has instituted trial on the two previously asserted patents, and an IPR petition for the '738 patent will be filed shortly. Def. Mem. 9; *see Rovi*, 2017 WL 4876305, at *4 (noting that "the status of the IPR

proceedings is not likely to cause any undue prejudice or tactical advantage if a stay is granted" where PTAB had "already granted review on four of the five patents at issue").

Fourth, in considering the relationship of the parties, the Court looks to "whether the parties are direct competitors, because there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement has occurred, including the potential for loss of market share and an erosion of goodwill." *Rovi*, 2017 WL 4876305, at *4 (internal quotation marks omitted) (quoting *CDX Diagnostics*, 2014 WL 2854656, at *4). Metrom argues that it will face "economic prejudice" if a stay is issued, because it "continues to compete against Defendant in seeking to obtain business with other transit agencies around the US, and those agencies look to what the MTA is doing for guidance." Pl. Opp. 13–14. However, Metrom's position is unavailing because it opposes only the stay of its tortious interference claim, *not* its patent claims. *See* Pl. Opp. 5, 8. Indeed, as Metrom's cited authority confirms, this factor relates to "prejudice to the *patentee*" and the impact of a "delay in *adjudicating the alleged infringement*." *CDX Diagnostics*, 2014 WL 2854656, at *4 (emphasis added) (cleaned up). By consenting to a stay of the patent claims, Metrom has consented to a delay in the adjudication of the alleged infringement. Moreover, mere generalized assertions of harm to Metrom's business, without more, do not suffice under this factor. *See Straight Path*, 2016 WL 6094114, at *3.

Metrom also argues that "there is a significant risk of loss of memory, witnesses, and evidence if discovery does not open for Count IV." Pl. Opp. 13. These "generic concerns," although "perhaps accurate as a general matter[,] are, without more, far too speculative to support

a finding of undue prejudice." *Straight Path*, 2016 WL 6094114, at *4 (citing *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014)).

Because all three factors weigh in favor of a stay of Count IV, and in consideration of the totality of the circumstances, the Court concludes that a stay of Count IV, and thus a complete stay of this action pending resolution of IPR proceedings, is warranted.

## <u>CONCLUSION</u>

For the foregoing reasons, the motion to stay is GRANTED. Metrom's letter motion requesting oral argument in connection with its opposition to the motion to stay is DENIED. The Clerk of Court is respectfully requested to terminate the motions pending at docket entries 81 and 85 and to stay the case in its entirety.

**SO ORDERED.**

Date:  **January 29, 2024**
       **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**